UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLESBANK EQUITY FUND II,<br>LIMITED PARTNERSHIP, and HARVARD<br>PRIVATE CAPITAL HOLDINGS, INC.<br><br>Plaintiffs,<br><br>v.<br><br>BLINDS TO GO, INC.,<br><br>Defendant. | CIVIL ACTION<br>NO. 02cv11254 RCL |

**PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION AND ATTACHMENT**

Plaintiffs Charlesbank Equity Fund II, Limited Partnership ("Charlesbank Fund II" or "Fund II") and Harvard Private Capital Holdings, Inc. ("HPCH") hereby move the Court, pursuant to Fed. R. Civ. P. 65, to issue a preliminary injunction in the nature of an equitable attachment of the assets of the defendant Blinds To Go Inc. ("BTG") (which are, on information and belief, located outside of Massachusetts) in the amount of $15,453,548.

As grounds for this motion, Plaintiffs state as follows:

1. BTG, in a separate action that it filed in the Court of Queens Bench of New Brunswick, Canada, has alleged that, based on its calculation of BTG's Applicable EBITDA, the redemption price for the preferred shares at issue in this litigation is $15,435,548. *See* Exhibit E to the Amended Complaint (Notice of Application (in Court 16D), ¶ 22 and *passim* ("Notice of Application"). While Plaintiffs have alleged in this action that BTG owes substantially more than this amount for the preferred shares, BTG's allegation in the Canadian action is an admission by BTG that the redemption



-2-

price for the shares is *at least* $15,435,548. Thus, this portion of the damages claimed by Plaintiffs is undisputed and Plaintiffs have a clear likelihood of success on the merits with respect to this amount.

2. Notwithstanding its admission, BTG has failed to pay this undisputed portion of the damages claimed by Plaintiffs, despite the fact that in the Canadian action, BTG offered to pay this amount, and to provide security for any further damages claimed by Plaintiffs in excess of this amount. *See* Notice of Application, ¶ 4.

3. Since, by virtue of BTG's admission, Plaintiffs are likely to succeed on the merits with respect to the amount admitted by BTG, the requirements for an equitable attachment pursuant to Fed. R. Civ. P. 65 are satisfied.

4. Since the inception of this litigation, BTG has refused to provide Plaintiffs with full information about its current financial information, as required by the Preferred Share Purchase Agreement. The only relatively current information that has been provided, has been produced in response to document requests in this action, and has not included all of the information that BTG is contractually required to provide. While BTG continues to have the benefit of Plaintiffs' investment, Plaintiffs do not have the information that they need to be able to monitor their investment.

5. The so-called "affiliate" issue does not impact the fact that BTG owes Plaintiffs *at least* $15,435,548, and, therefore, BTG cannot avoid the requested injunction on that basis.

In further support of this motion, Plaintiffs are filing herewith a memorandum and the Declaration of Mark A. Rosen.[1]

WHEREFORE, for the reasons stated above, the Court should allow Plaintiffs' motion and issue the requested preliminary injunction and attachment.

### REQUEST FOR ORAL ARGUMENT

Plaintiffs request oral argument on their motion in the belief that it may assist the Court.

Respectfully submitted,

CHARLESBANK EQUITY FUND II,
LIMITED PARTNERSHIP,

By its attorneys,

_____
John T. Montgomery (BBO #352220)
Martin J. Newhouse (BBO #544755)
Lesley F. Wolf (BBO #651199)
Ropes & Gray
One International Place
Boston, MA 02110
Tel.: (617) 951-7000

Dated: July 15, 2003

---

[1] The memorandum, Mr. Rosen's declaration, and the exhibits attached, are being filed subject to a motion for impoundment, because these papers contain information that the parties to this case have designated as confidential under the Stipulation and Confidentiality Order entered by the Court on January 6, 2003.

## CERTIFICATION UNDER LOCAL RULE 7.1

The undersigned hereby certifies that, as required by Local Rule 7.1(A)(2) counsel for the parties have conferred with respect to the issue raised in this motion and have attempted in good faith to resolve or narrow the issue, but have been unable to resolve their differences.

_____
Lesley F. Wolf

### Certificate of Service

I hereby certify that, on July 15, 2003, a true copy of the foregoing Plaintiff's Motion for Preliminary Injunction and Attachment was served upon the attorney of record for each party by hand.

_____
Lesley F. Wolf